IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-02633-BNB

**FEB 2 4 2010**

GERRY DALE ROADCAP,

GREGORY C. LANGHAM
CLERK

    Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO], JOHN W. SUTHERS,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant, Gerry Dale Roadcap, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility.  Mr. Roadcap initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 99-CR-3267 in the El Paso County District Court of Colorado.

    In an order entered on November 13, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After receiving an extension of time, Respondents submitted a Pre-Answer Response on January 7, 2010.  After also receiving an extension of time, Mr. Roadcap submitted his reply on February 18, 2010.  Also on February 18, 2010, Mr. Roadcap filed a "Motion to Supplement Exhibits for Reply to Pre-Answer," which the Court granted by Minute Order dated February 22,

2010.  The Court has reviewed all of the exhibits attached to Mr. Roadcap's Motion to Supplement and has considered them when addressing Mr. Roadcap's arguments.

The Court must construe liberally the Application filed by Mr. Roadcap because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On October 23, 2000, a jury found Mr. Roadcap guilty of second degree murder committed in the heat of passion and a crime of violence.  Pre-Answer Resp. Ex. A at p. 10 (State Register of Actions). On December 18, 2000, the trial court sentenced Mr. Roadcap to twenty-seven years in prison.  *Id.*

Mr. Roadcap filed a direct appeal to the Colorado Court of Appeals (CCA).  *Id.* at 11.  The CCA affirmed his conviction on February 13, 2003.  *See People v. Roadcap*, 78 P.3d 1108 (Colo. App. 2003) (Pre-Answer Resp. at Ex. H).  Mr. Roadcap petitioned the Colorado Supreme Court (CSC) for certiorari review, which the CSC denied on November 3, 2003, Pre-Answer Resp. at Ex. J, and the mandate issued on November 12, 2003, *id.* at Ex. K.

On March 10, 2004, Mr. Roadcap filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b), which the trial court denied on March 11, 2004.  *Id.* at Ex. A, p. 12.

On February 13, 2006, Mr. Roadcap filed, through counsel, a motion for post-

conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c).  *Id.*  Counsel

filed a supplement to the Rule 35(c) motion on November 13, 2006.  *Id.*  The trial court

then permitted counsel to withdraw from Mr. Roadcap's case on March 10, 2008.  *Id.*

Mr. Roadcap filed a *pro se* motion for post-conviction relief pursuant to Rule 35(c) on

March 24, 2008, which the trial court denied on March 26, 2008.  *Id.* at 13.  Mr.

Roadcap appealed the denial to the CCA, and the CCA affirmed the trial court on June

18, 2009.  *See People v. Roadcap*, No. 08CA0764 (Colo. App. June 18, 2009)

(unpublished opinion) (Pre-Answer Resp. at Ex. N).  Mr. Roadcap petitioned for

certiorari review, which the CSC denied on October 13, 2009.  Pre-Answer Resp. at Ex.

P.

     Mr. Roadcap then filed the instant action, which was received by the Court on

November 9, 2009.  In the Application, Mr. Roadcap asserts eleven claims.

     Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right

> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D)  the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine

when the judgment of conviction in Mr. Roadcap's criminal case became final.

Because Mr. Roadcap filed a direct appeal, his conviction became final ninety days

after November 3, 2003, the date the CSC denied certiorari review.  *See* 28 U.S.C. §

2244(d)(1)(A); *see also Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003) (finding

that the limitation period does not begin to run until "after the time for filing a petition for

certiorari with the [United States] Supreme Court has passed.") (citation omitted)).

Therefore, the Court finds that Mr. Roadcap's conviction became final on February 1,

2004.  As such, the one-year statute of limitations began to run on February 2, 2004,

the next business day after the conclusion of the time to appeal.  *See, e.g., Locke*, 237

F.3d at 1273.

The Court must next determine whether any of Mr. Roadcap's state court post-

conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.

4

§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. ***See Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." ***Gibson***, 232 F.3d at 804.

There were no pending motions in Mr. Roadcap's state court action between February 2, 2004, and March 9, 2004. These **37** days are credited against the one-year statute of limitations. Pre-Answer Resp. at Ex. A, p. 12

On March 10, 2004, Mr. Roadcap filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b), which the trial court denied on

March 11, 2004. *Id.* Mr. Roadcap then had 45 days, or until April 26, 2004, to appeal the trial court's denial of the motion to the CCA.[1] *See* Colo. App. R. 4(b). Mr. Roadcap did not file an appeal.

Therefore, the limitation period began to run again on April 27, 2004, and expired on March 21, 2005, the 365th day after the limitation period began to run (37 days + 328 days = 365 days). Because the one-year limitation period expired before Mr. Roadcap filed his Rule 35(c) motion on February 13, 2006, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court post-conviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Accordingly, the Court finds that the limitation period expired approximately four years and seven months prior to the filing of the application on November 9, 2009. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective

---

[1]The forty-fifth day after March 11, 2004, was April 25, 2004. However, April 25, 2004, was a Sunday. Therefore, the filing deadline extended until April 26, 2004. *See* C.A.R. 26(a).

pleading within the statutory period.  *See Gibson*, 232 F.3d at 808.  Simple excusable

neglect, however, is not sufficient to support equitable tolling.  *See id*.  Furthermore,

equitable tolling is appropriate only if the inmate pursues his claims diligently.  *See*

*Miller*, 141 F.3d at 978.  Finally, Mr. Roadcap bears the burden of demonstrating that

equitable tolling is appropriate in this action.  *See id.* at 977.

In the Application and in his Reply, Mr. Roadcap asserts that he is entitled to

equitable tolling for a variety of reasons.  First, he argues that the trial court withheld

military records from the CCA on direct appeal, and that he did not discover this fact

until the trial court issued an order on May 27, 2008, denying his motion for transcripts

on appeal.  Application at 30-31.  He also argues that he has "been denied access to

the record to support postconviction proceedings after counsel abandoned petitioner in

mid-process with motions before the trial court undecided for over two years."  *Id.* at 31.

Mr. Roadcap further argues that the state courts accepted his Rule 35(c) motion and

subsequent appeal as timely filed, and that the Rule 35(c) motions filed by counsel prior

to his withdrawal have not yet been ruled upon by the state court.  Reply at 2-3.

Having reviewed the Application, Mr. Roadcap's Reply and the exhibits attached

to the Motion to Supplement, the Court can find no grounds that would justify equitable

tolling.  First, Mr. Roadcap argues that there was an "impediment" that prevented him

from filing his § 2254 application, because he was not aware that his military records

were not presented on appeal until May 27, 2008.  Presumably, Mr. Roadcap is

referring to 28 U.S.C. § 2244(d)(1)(B), which delays the start of the one-year limitation

period if there is an "impediment to filing an application created by State action in

violation of the Constitution or laws of the United States." That section requires both that the state action constituting the impediment violate the Constitution and prevent the petitioner from filing his claim. *See Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331-32 (11th Cir. 2008). Further, "a lack of awareness of a claim does not necessarily mean that the claim was not discoverable." *Irons v. Estep*, 291 Fed. Appx. 136, 138 (10th Cir. Aug. 19, 2008) (unpublished decision). Indeed, Mr. Roadcap states that he overcame the alleged "impediment" after he filed a motion for transcripts in the state court on May 19, 2008, and the trial court denied the motion on May 27, 2008, alerting him to the fact that the "military transcripts and evidence were withheld on appeal and direct appeal." Reply at 7. Nonetheless, Mr. Roadcap does not allege that he was prevented from filing a motion for transcripts at some earlier point in time. Mr. Roadcap does not explain, further, how the fact that his appeal was allegedly unconstitutional in any way prevented him from pursuing federal habeas relief.

Mr. Roadcap's other arguments all relate to incidents that occurred and actions that he took after February 13, 2006, the date that post-conviction counsel filed Mr. Roadcap's first Rule 35(c) motion. For instance, Mr. Roadcap asserts that post-conviction counsel should not have been allowed to withdraw, that he was not aware that post-conviction counsel filed a supplemental Rule 35(c) motion, that he had difficulty obtaining transcripts and records after counsel was granted leave to withdraw, and that he had limited access to a law library and legal research. *See* Reply at 1-12. Nonetheless, for the purposes of 28 U.S.C. § 2244(d), any post-conviction motion filed in this case after the limitation period expired on March 21, 2005, cannot toll the

limitation period.  *See Clark*, 468 F.3d at 714.  Mr. Roadcap does not identify any reason why he failed to file any additional post-conviction motions in the trial court between March 11, 2004, the date his Rule 35(b) motion was denied, and March 21, 2005, the date the one-year limitation period expired.  Mr. Roadcap fails to assert any facts that would demonstrate that he was attempting to pursue post-conviction remedies in the state court between March 11, 2004, and March 21, 2005, and the Court cannot find any evidence in the record that demonstrates Mr. Roadcap was pursuing post-conviction relief during this time.  Accordingly, Mr. Roadcap cannot show that he diligently pursued his federal claims in state court, as is required for equitable tolling.  *See Miller*, 141 F.3d at 978.

Moreover, the fact that Mr. Roadcap's three Rule 35(c) motions were accepted for filing by the state court has no bearing on the federal one-year limitation period set forth in 28 U.S.C. § 2244(d).  *See, e.g., Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (noting that "as a federal statute that interacts with state procedural rules, § 2244(d) will sometimes force a state prisoner to act expeditiously to preserve his federal claims despite the procedural lenience of state law, which may forgive substantial delay.").

Finally, although Mr. Roadcap alleges that he is actually innocent, his claim of actual innocence does not justify equitable tolling of the one-year limitation period.  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order to demonstrate actual innocence, Mr. Roadcap first must "support his allegations of

constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Roadcap then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

In support of his actual innocence argument, Mr. Roadcap contends that the coroner determined that the time of death for the victim was 1:30 p.m., five hours after Mr. Roadcap was taken into custody.  Application at 21.  He further alleges that there is "exculpatory forensic evidence in the form of blood spatter that support's petitioner's claim that [the victim] attacked petitioner." *Id.* However, he fails to demonstrate that he pursued his actual innocence claim diligently.  Mr. Roadcap was aware of this evidence prior to the state court post-conviction proceedings he initiated in 2006 because he raised claims of actual innocence similar to the ones he asserts here.  As discussed above, those state court post-conviction proceedings did not commence until February 13, 2006, and Mr. Roadcap did not pursue any other properly filed state court post-conviction remedies prior to the expiration of the one-year limitation period on March 21, 2005.  Therefore, because Mr. Roadcap fails to demonstrate he pursued his claim of actual innocence diligently, the Court finds that equitable tolling is not appropriate and the instant action will be dismissed as barred by the one-year limitation period. *See Miller*, 141 F.3d at 978.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Roadcap has exhausted his state court remedies.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is further

ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.


DATED at Denver, Colorado, this  24th   day of  February        , 2010.

BY THE COURT:


 s/Philip A. Brimmer                      
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-02633-BNB

Gerry D. Roadcap
Prisoner No.  107744
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to
the above-named individuals on _2/24/10_____

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk